Plaintiff contracted with the Naval Training Device Center to manufacture and deliver by December 4, 1968 a computer con *868 trolled display system, together with related hardware and software. The contract provided for preliminary inspection tests conducted at plaintiff’s plant by either the contracting officer or his authorized representative and a representative from the Defense Contract Administrative Services, and for final acceptance tests conducted at the installation site. The contractor requested and was granted several extensions of the delivery date, until a final extension to May 15,1969 was granted on the purported understanding that the system would be fully operable by that date and if not the contract would be terminated for default. On May 15, 1969 the system was able to successfully demonstrate only two out of the eleven displays. The contract was terminated on May 29, 1969 under the standard default clause for plaintiff’s failure to demonstrate the system’s readiness to commence preliminary inspection tests on May 15,1969. Plaintiff’s request that the default termination be converted to one for convenience of the Government was denied by the contracting officer, and on appeal the Armed Services Board of Contract Appeals sustained that decision. Plaintiff seeks review under Wunder-lich Act standards. Plaintiff’s main factual argument is that the parties did not intend and plaintiff never understood that the May 15 tests were to be plaintiff’s “last chance” and that failure to comply was to be tantamount to a failure of delivery. Plaintiff also contends that since there was a waiver of-the April 21,1969 delivery date there could be no failure of delivery giving rise to a termination under the default clause absent a written 10-day cure notice setting a new date, and that the Government may not thwart the contract requirement of a written cure notice by an oral amendment. In a report filed December 13, 1972 Commissioner Philip K.. Miller, upon review of the administrative record, has concluded that there is ample evidence to support the Board’s findings that both sides agreed that the failure of the tests on May 15 would be final; that the contract was properly terminated without a written 10-day cure notice in view 'of the plaintiff’s failure to produce a fully operable system within the extension period which it solicited subject to a definite cutoff date; and that plaintiff has failed to establish that the decision of the Board was erroneous. This case came before *869 tbe court on plaintiff’s and defendant’s motions for summary judgment, having been submitted to the court without oral argument on defendant’s motion that the Commissioner’s report be adopted by the court and on advice that plaintiff did not intend to file a motion requesting review of the report. Upon consideration thereof, since the court agrees with the Commissioner’s opinion and recommended conclusion, the court, by order dated March 12, 1973, granted defendant’s motion and adopted the opinion as the basis for its judgment in this case, denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion for summary judgment and dismissed the petition.